UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY,
MARK MAZZETTI, and CHARLIE SAVAGE, :

                Plaintiffs,     :

                     **COMPLAINT**

       v.     :

UNITED STATES DEPARTMENT OF DEFENSE,

     :

                Defendant.

---------------------------------------------------------------X

Plaintiffs THE NEW YORK TIMES COMPANY, MARK MAZZETTI, and CHARLIE SAVAGE, by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the United States Department of Defense ("DoD") in response to a request properly made by Plaintiffs (jointly, "The Times").

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3. Plaintiff Mark Mazzetti is a reporter for *The New York Times* newspaper.

4. Plaintiff Charlie Savage is a reporter for *The New York Times* newspaper.

5. Defendant DoD is the agency within the federal government that has possession and control of the records that Plaintiffs seek.

1

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A). If an agency determines that "unusual circumstances" apply and has satisfied the procedural requirements to invoke it, such as providing timely written notice to the requester, FOIA gives the agency an additional 10 business days to respond. *See id.* § 552(a)(6)(B); 32 C.F.R. § 286.8(c).

9. Defendant DoD has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

10. A domain name is a unique sequence of characters that identifies an organization or person on the Internet. The domain name of The Times's online newspaper, for example, is nytimes.com.

11. An internet protocol address ("IP address") is a unique sequence of numbers separated by periods that identifies a specific computer or computer network. When connected to the Internet, an IP address allows information to be sent and received by specific parties. An IP address can also be used to track the specific geolocation of a computer or computer network. An IP address associated with nytimes.com, for example, is 151.101.193.164.

12. The Domain Name System ("DNS") converts domain names into IP addresses. Without DNS, users would have to type IP addresses into their browsers in order to retrieve and access specific websites.

13. Internet traffic data, sometimes also called "NetFlow" data, is Internet metadata that logs communications between computers at different IP addresses and can thus reveal which servers or websites a particular user has accessed or which users have accessed a particular server or website.

14. The Defense Intelligence Agency ("DIA"), an intelligence agency within the DoD, is one of many federal agencies that has publicly confirmed that it purchases commercially available location data. *See* Charlie Savage, *Intelligence Analysts Use U.S. Smartphone Location Data Without Warrants, Memo Says*, N.Y. Times (Jan. 25, 2021), https://www.nytimes.com/2021/01/22/us/politics/dia-surveillance-data.html.

15. On November 8, 2021, Mr. Mazzetti and Mr. Savage submitted a FOIA Request ("the Request") to DIA, seeking:

> i. Copies of all contracts since 2016 for any purchase by DIA of bulk DNS (domain name system) and/or internet traffic data;
>
> ii. Copies of all correspondence to and from members of Congress since 2016 regarding any purchase by DIA of bulk DNS and/or internet traffic data;
>
> iii. Copies of any memoranda or other guidance documents since 2016 laying out rules for DIA officials to analyze DNS and/or internet traffic data regarding data of Americans; and

      iv.    Copies of any memoranda or reports discussing any specific queries of such data since 2016 that used an American's identifier or selector as a search term.

16. On November 8, 2021, DIA acknowledged receipt of the Request. It also invoked "unusual circumstances" but did not specify a completion date. *See* 5 U.S.C. § 552(a)(6)(B)(i) (requiring agencies who invoke "unusual circumstances" to specify "the date on which a determination is expected to be dispatched").

17. As of the date of this filing, DIA has not communicated in any way with The Times since sending its acknowledgment.

## CAUSE OF ACTION

18. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

19. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

20. Defendant has failed to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)–(B). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

21. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

22. No exemptions permit the withholding of the documents sought by the Request.

23. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the Request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

24. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

25. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

26. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

27. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 22, 2021

/s/ David E. McCraw
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*